UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION
IN ADMIRALTY

KEVIN CHENAULT,

       Plaintiff,

   v.

SEABULK VESSEL MANAGEMENT, SEABULK LOGISTICS SERVICES, LLC, SEABULK MARINE SERVICES, INC., SEABULK TANKERS, INC., SEABULK OPERATORS, INC., SEABULK TRANSMARINE II, INC., SEABULK OFFSHORE OPERATORS, SEACOR CONTAINER LINES, LLC, SEACOR HOLDINGS, INC., UNITED OCEAN SERVICES, INC., US UNITED OCEAN SERVICES LLC, and DOES 1 through 10, inclusive,

          Defendants         /

Case No.

**COMPLAINT FOR DAMAGES**
(Personal Injury, Maintenance and Cure)
[Jones Act, 46 U.S.C. § 30104]

**Jury Trial demand**

    KEVIN CHENAULT, individually, ("Plaintiff"), by and through his undersigned counsel, files his Complaint for damages against SEABULK VESSEL MANAGEMENT, SEABULK LOGISTICS SERVICES, LLC, SEABULK MARINE SERVICES, INC., SEABULK TANKERS, INC., SEABULK OPERATORS, INC., SEABULK TRANSMARINE II, INC., SEABULK OFFSHORE OPERATORS, INC., SEACOR CONTAINER LINES, LLC, SEACOR HOLDINGS, INC.,  UNITED OCEAN SERVICES, INC., US UNITED OCEAN SERVICES LLC. and DOES 1 – 10 (collectively "Defendants"), and alleges as follows:

<u>**JURISDICTION**</u>

    1.    This Court has subject matter jurisdiction over the Plaintiffs claims against Defendants pursuant to 28 U.S.C. §1331. This is a seaman's personal injury action arising under 46 U.S.C. §30104 et seq. (commonly known as the "Jones Act"), providing that a "seaman injured

1

in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may bring a civil action at law, with the right of trial by jury against the employer." The claims against Defendants also arise under the General Maritime Law of the United States.

2.      This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1332. The parties are citizens of different states and the amount in controversy exceeds $75,000.00.

**PARTIES**

3.      Plaintiff KEVIN CHENAULT is, and at all relevant times was, an individual and resident of the State of California.

4.      At all relevant times, Plaintiff KEVIN CHANAULT was employed as a seaman aboard the U.S. flag container vessel M/V TEXAS ENTERPRISE

5.      Defendant SEABULK VESSEL MANAGEMENT is, and at all relevant times was, a business with its principal place of business and business headquarters at 2200 Eller Drive, Fort Lauderdale, Florida 33316.   At all times material, Defendant SEABULK VESSEL MANAGEMENT personally or through an agent a) operated, conducted, engaged in and/or carrier on a business venture in the State of Florida, and b) engaged in substantial business activity in the State of Florida.

6.      At all times relevant and material, Defendant SEABULK VESSEL MANAGEMENT owned, operated, managed, maintained and/or controlled the vessel M/V TEXAS ENTERPRISE.

7.      At all times relevant and material, Plaintiff KEVIN CHANAULT was an employee of Defendant SEABULK VESSEL MANAGEMENT aboard the vessel M/V TEXAS ENTERPRISE.

8.      In the alternative, at all times relevant and material, Plaintiff KEVIN CHANAULT was a borrowed servant of Defendant SEABULK VESSEL MANAGEMENT pursuant to *Standard Oil v. Anderson*, 212 U.S. 215 (1909) and its progeny. At all times material, a) Plaintiff was performing work for Defendant SEABULK VESSEL MANAGEMENT aboard the vessel

Complaint for Damages and Jury Trial Demand

M/V TEXAS ENTERPRISE, b) Defendant SEABULK VESSEL MANAGEMENT had control over the work Plaintiff was performing aboard the vessel M/V TEXAS ENTERPRISE, c) Plaintiff agreed to work for Defendant SEABULK VESSEL MANAGEMENT aboard the vessel M/V TEXAS ENTERPRISE, d) Defendant SEABULK VESSEL MANAGEMENT furnished the work tools of Plaintiff, including the vessel M/V TEXAS ENTERPRISE, e) Plaintiff was subject to the commands and control of Defendant SEABULK VESSEL MANAGEMENT via its employees, agents and servants.

9.      Defendant SEABULK LOGISTICS SERVICES, LLC is, and at all relevant times was, a business with its principal place of business and business headquarters at 2200 Eller Drive, Fort Lauderdale, Florida 33316.   At all times material, Defendant SEABULK LOGISTICS SERVICES, LLC personally or through an agent a) operated, conducted, engaged in and/or carrier on a business venture in the State of Florida, and b) engaged in substantial business activity in the State of Florida.

10.     At all times relevant and material, Defendant SEABULK LOGISTICS SERVICES, LLC owned, operated, managed, maintained and/or controlled the vessel M/V TEXAS ENTERPRISE.

11.     At all times relevant and material, Plaintiff KEVIN CHANAULT was an employee of Defendant SEABULK LOGISTICS SERVICES, LLC aboard the vessel M/V TEXAS ENTERPRISE.

12.     In the alternative, at all times relevant and material, Plaintiff KEVIN CHANAULT was a borrowed servant of Defendant SEABULK LOGISTICS SERVICES, LLC pursuant to *Standard Oil v. Anderson*, 212 U.S. 215 (1909) and its progeny. At all times material, a) Plaintiff was performing work for Defendant SEABULK LOGISTICS SERVICES, LLC aboard the vessel M/V TEXAS ENTERPRISE, b) Defendant SEABULK LOGISTICS SERVICES, LLC had control over the work Plaintiff was performing aboard the vessel M/V TEXAS ENTERPRISE, c) Plaintiff agreed to work for Defendant SEABULK LOGISTICS SERVICES, LLC aboard the

Complaint for Damages and Jury Trial Demand

vessel M/V TEXAS ENTERPRISE, d) Defendant SEABULK LOGISTICS SERVICES, LLC furnished the work tools of Plaintiff, including the vessel M/V TEXAS ENTERPRISE, e) Plaintiff was subject to the commands and control of Defendant SEABULK LOGISTICS SERVICES, LLC via its employees, agents and servants.

13.     Defendant SEABULK MARINE SERVICES, INC. is, and at all relevant times was, a business with its principal place of business and business headquarters at 2200 Eller Drive, Fort Lauderdale, Florida 33316.   At all times material, Defendant SEABULK MARINE SERVICES, INC. personally or through an agent a) operated, conducted, engaged in and/or carrier on a business venture in the State of Florida, and b) engaged in substantial business activity in the State of Florida.

14.     At all times relevant and material, Defendant SEABULK MARINE SERVICES, INC. owned, operated, managed, maintained and/or controlled the vessel M/V TEXAS ENTERPRISE.

15.     At all times relevant and material, Plaintiff KEVIN CHANAULT was an employee of Defendant SEABULK MARINE SERVICES, INC. aboard the vessel M/V TEXAS ENTERPRISE.

16.     In the alternative, at all times relevant and material, Plaintiff KEVIN CHANAULT was a borrowed servant of Defendant SEABULK MARINE SERVICES, INC. pursuant to *Standard Oil v. Anderson*, 212 U.S. 215 (1909) and its progeny. At all times material, a) Plaintiff was performing work for Defendant SEABULK MARINE SERVICES, INC. aboard the vessel M/V TEXAS ENTERPRISE, b) Defendant SEABULK MARINE SERVICES, INC.  had control over the work Plaintiff was performing aboard the vessel M/V TEXAS ENTERPRISE, c) Plaintiff agreed to work for Defendant SEABULK MARINE SERVICES, INC. aboard the vessel M/V TEXAS ENTERPRISE, d) Defendant SEABULK MARINE SERVICES, INC. furnished the work tools of Plaintiff, including the vessel M/V TEXAS ENTERPRISE, e) Plaintiff was subject to the

Complaint for Damages and Jury Trial Demand

commands and control of Defendant SEABULK MARINE SERVICES, INC. via its employees, agents and servants.

17.     Defendant SEABULK TANKERS, INC. is, and at all relevant times was, a business with its principal place of business and business headquarters at 2200 Eller Drive, Fort Lauderdale, Florida 33316.   At all times material, Defendant SEABULK TANKERS, INC. personally or through an agent a) operated, conducted, engaged in and/or carrier on a business venture in the State of Florida, and b) engaged in substantial business activity in the State of Florida.

18.     At all times relevant and material, Defendant SEABULK TANKERS, INC. owned, operated, managed, maintained and/or controlled the vessel M/V TEXAS ENTERPRISE.

19.     At all times relevant and material, Plaintiff KEVIN CHANAULT was an employee of Defendant SEABULK TANKERS, INC. aboard the vessel M/V TEXAS ENTERPRISE.

20.     In the alternative, at all times relevant and material, Plaintiff KEVIN CHANAULT was a borrowed servant of Defendant SEABULK TANKERS, INC. pursuant to *Standard Oil v. Anderson*, 212 U.S. 215 (1909) and its progeny. At all times material, a) Plaintiff was performing work for Defendant SEABULK TANKERS, INC. aboard the vessel M/V TEXAS ENTERPRISE, b) Defendant SEABULK TANKERS, INC. had control over the work Plaintiff was performing aboard the vessel M/V TEXAS ENTERPRISE, c) Plaintiff agreed to work for Defendant SEABULK TANKERS, INC. aboard the vessel M/V TEXAS ENTERPRISE, d) Defendant SEABULK TANKERS, INC. furnished the work tools of Plaintiff, including the vessel M/V TEXAS ENTERPRISE, e) Plaintiff was subject to the commands and control of Defendant SEABULK TANKERS, INC. via its employees, agents and servants.

21.     Defendant SEABULK OPERATORS, INC. is, and at all relevant times was, a business with its principal place of business and business headquarters at 2200 Eller Drive, Fort Lauderdale, Florida 33316.   At all times material, Defendant SEABULK OPERATORS, INC. personally or through an agent a) operated, conducted, engaged in and/or carrier on a business

venture in the State of Florida, and b) engaged in substantial business activity in the State of Florida.

22.     At all times relevant and material, Defendant SEABULK OPERATORS, INC. owned, operated, managed, maintained and/or controlled the vessel M/V TEXAS ENTERPRISE.

23.     At all times relevant and material, Plaintiff KEVIN CHANAULT was an employee of Defendant SEABULK OPERATORS, INC. aboard the vessel M/V TEXAS ENTERPRISE.

24.     In the alternative, at all times relevant and material, Plaintiff KEVIN CHANAULT was a borrowed servant of Defendant SEABULK OPERATORS, INC. pursuant to *Standard Oil v. Anderson*, 212 U.S. 215 (1909) and its progeny. At all times material, a) Plaintiff was performing work for Defendant SEABULK OPERATORS, INC. aboard the vessel M/V TEXAS ENTERPRISE, b) Defendant SEABULK OPERATORS, INC. had control over the work Plaintiff was performing aboard the vessel M/V TEXAS ENTERPRISE, c) Plaintiff agreed to work for Defendant SEABULK OPERATORS, INC. aboard the vessel M/V TEXAS ENTERPRISE, d) Defendant SEABULK OPERATORS, INC. furnished the work tools of Plaintiff, including the vessel M/V TEXAS ENTERPRISE, e) Plaintiff was subject to the commands and control of Defendant SEABULK OPERATORS, INC. via its employees, agents and servants.

25.     Defendant SEABULK TRANSMARINE II, INC. is, and at all relevant times was, a business with its principal place of business and business headquarters at 2200 Eller Drive, Fort Lauderdale, Florida 33316.  At all times material, Defendant SEABULK TRANSMARINE II, INC. personally or through an agent a) operated, conducted, engaged in and/or carrier on a business venture in the State of Florida, and b) engaged in substantial business activity in the State of Florida.

26.     At all times relevant and material, Defendant SEABULK TRANSMARINE II, INC. owned, operated, managed, maintained and/or controlled the vessel M/V TEXAS ENTERPRISE.

Complaint for Damages and Jury Trial Demand

27.     At all times relevant and material, Plaintiff KEVIN CHANAULT was an employee of Defendant SEABULK TRANSMARINE II, INC. aboard the vessel M/V TEXAS ENTERPRISE.

28.     In the alternative, at all times relevant and material, Plaintiff KEVIN CHANAULT was a borrowed servant of Defendant SEABULK TRANSMARINE II, INC. pursuant to *Standard Oil v. Anderson*, 212 U.S. 215 (1909) and its progeny. At all times material, a) Plaintiff was performing work for Defendant SEABULK TRANSMARINE II, INC. aboard the vessel M/V TEXAS ENTERPRISE, b) Defendant SEABULK TRANSMARINE II, INC. had control over the work Plaintiff was performing aboard the vessel M/V TEXAS ENTERPRISE, c) Plaintiff agreed to work for Defendant SEABULK TRANSMARINE II, INC. aboard the vessel M/V TEXAS ENTERPRISE, d) Defendant SEABULK TRANSMARINE II, INC. furnished the work tools of Plaintiff, including the vessel M/V TEXAS ENTERPRISE, e) Plaintiff was subject to the commands and control of Defendant SEABULK TRANSMARINE II, INC. via its employees, agents and servants.

29.     Defendant SEABULK OFFSHORE OPERATORS, INC. is, and at all relevant times was, a business with its principal place of business and business headquarters at 2200 Eller Drive, Fort Lauderdale, Florida 33316.  At all times material, Defendant SEABULK OFFSHORE OPERATORS, INC. personally or through an agent a) operated, conducted, engaged in and/or carrier on a business venture in the State of Florida, and b) engaged in substantial business activity in the State of Florida.

30.     At all times relevant and material, Defendant SEABULK OFFSHORE OPERATORS, INC. owned, operated, managed, maintained and/or controlled the vessel M/V TEXAS ENTERPRISE.

31.     At all times relevant and material, Plaintiff KEVIN CHANAULT was an employee of Defendant SEABULK OFFSHORE OPERATORS, INC. aboard the vessel M/V TEXAS ENTERPRISE.

32.     In the alternative, at all times relevant and material, Plaintiff KEVIN CHANAULT was a borrowed servant of Defendant SEABULK OFFSHORE OPERATORS, INC. pursuant to *Standard Oil v. Anderson*, 212 U.S. 215 (1909) and its progeny. At all times material, a) Plaintiff was performing work for Defendant SEABULK OFFSHORE OPERATORS, INC. aboard the vessel M/V TEXAS ENTERPRISE, b) Defendant SEABULK OFFSHORE OPERATORS, INC. had control over the work Plaintiff was performing aboard the vessel M/V TEXAS ENTERPRISE, c) Plaintiff agreed to work for Defendant SEABULK OFFSHORE OPERATORS, INC. aboard the vessel M/V TEXAS ENTERPRISE, d) Defendant SEABULK OFFSHORE OPERATORS, INC. furnished the work tools of Plaintiff, including the vessel M/V TEXAS ENTERPRISE, e) Plaintiff was subject to the commands and control of Defendant SEABULK OFFSHORE OPERATORS, INC. via its employees, agents and servants.

33.     Defendant SEACOR CONTAINER LINES, LLC is, and at all relevant times was, a business with its principal place of business and business headquarters at 2200 Eller Drive, Fort Lauderdale, Florida 33316.  At all times material, Defendant SEACOR CONTAINER LINES, LLC personally or through an agent a) operated, conducted, engaged in and/or carrier on a business venture in the State of Florida, and b) engaged in substantial business activity in the State of Florida.

34.     At all times relevant and material, Defendant SEACOR CONTAINER LINES, LLC owned, operated, managed, maintained and/or controlled the vessel M/V TEXAS ENTERPRISE.

35.     At all times relevant and material, Plaintiff KEVIN CHANAULT was an employee of Defendant SEACOR CONTAINER LINES, LLC aboard the vessel M/V TEXAS ENTERPRISE.

36.     In the alternative, at all times relevant and material, Plaintiff KEVIN CHANAULT was a borrowed servant of Defendant SEACOR CONTAINER LINES, LLC pursuant to *Standard Oil v. Anderson*, 212 U.S. 215 (1909) and its progeny. At all times material, a) Plaintiff was

Complaint for Damages and Jury Trial Demand

performing work for Defendant SEACOR CONTAINER LINES, LLC. aboard the vessel M/V TEXAS ENTERPRISE, b) Defendant SEACOR CONTAINER LINES, LLC had control over the work Plaintiff was performing aboard the vessel M/V TEXAS ENTERPRISE, c) Plaintiff agreed to work for Defendant SEACOR CONTAINER LINES, LLC aboard the vessel M/V TEXAS ENTERPRISE, d) Defendant SEACOR CONTAINER LINES, LLC furnished the work tools of Plaintiff, including the vessel M/V TEXAS ENTERPRISE, e) Plaintiff was subject to the commands and control of Defendant SEACOR CONTAINER LINES, LLC via its employees, agents and servants.

37.     Defendant SEACOR HOLDINGS, INC. is, and at all relevant times was, a business with its principal place of business and business headquarters at 2200 Eller Drive, Fort Lauderdale, Florida 33316.   At all times material, Defendant SEACOR HOLDINGS, INC. personally or through an agent a) operated, conducted, engaged in and/or carrier on a business venture in the State of Florida, and b) engaged in substantial business activity in the State of Florida.

38.     At all times relevant and material, Defendant SEACOR HOLDINGS, INC. owned, operated, managed, maintained and/or controlled the vessel M/V TEXAS ENTERPRISE.

39.     At all times relevant and material, Plaintiff KEVIN CHANAULT was an employee of Defendant SEACOR HOLDINGS, INC. aboard the vessel M/V TEXAS ENTERPRISE.

40.     In the alternative, at all times relevant and material, Plaintiff KEVIN CHANAULT was a borrowed servant of Defendant SEACOR HOLDINGS, INC. pursuant to *Standard Oil v. Anderson*, 212 U.S. 215 (1909) and its progeny. At all times material, a) Plaintiff was performing work for Defendant SEACOR HOLDINGS, INC. aboard the vessel M/V TEXAS ENTERPRISE, b) Defendant SEACOR HOLDINGS, INC. had control over the work Plaintiff was performing aboard the vessel M/V TEXAS ENTERPRISE, c) Plaintiff agreed to work for Defendant SEACOR HOLDINGS, INC. aboard the vessel M/V TEXAS ENTERPRISE, d) Defendant SEACOR HOLDINGS, INC. furnished the work tools of Plaintiff, including the vessel M/V TEXAS

Complaint for Damages and Jury Trial Demand

ENTERPRISE, e) Plaintiff was subject to the commands and control of Defendant SEACOR HOLDINGS, INC. via its employees, agents and servants.

41.     Defendant UNITED OCEAN SERVICES, INC. is, and at all relevant times was, a business with its principal place of business and business headquarters at 2200 Eller Drive, Fort Lauderdale, Florida 33316.  At all times material, Defendant UNITED OCEAN SERVICES, INC. personally or through an agent a) operated, conducted, engaged in and/or carrier on a business venture in the State of Florida, and b) engaged in substantial business activity in the State of Florida.

42.     At all times relevant and material, Defendant UNITED OCEAN SERVICES, INC. owned, operated, managed, maintained and/or controlled the vessel M/V TEXAS ENTERPRISE.

43.     At all times relevant and material, Plaintiff KEVIN CHANAULT was an employee of Defendant UNITED OCEAN SERVICES, INC. aboard the vessel M/V TEXAS ENTERPRISE.

44.     In the alternative, at all times relevant and material, Plaintiff KEVIN CHANAULT was a borrowed servant of Defendant UNITED OCEAN SERVICES, INC. pursuant *to Standard Oil v. Anderson*, 212 U.S. 215 (1909) and its progeny. At all times material, a) Plaintiff was performing work for Defendant UNITED OCEAN SERVICES, INC. aboard the vessel M/V TEXAS ENTERPRISE, b) Defendant UNITED OCEAN SERVICES, INC. had control over the work Plaintiff was performing aboard the vessel M/V TEXAS ENTERPRISE, c) Plaintiff agreed to work for Defendant UNITED OCEAN SERVICES, INC. aboard the vessel M/V TEXAS ENTERPRISE, d) Defendant UNITED OCEAN SERVICES, INC. furnished the work tools of Plaintiff, including the vessel M/V TEXAS ENTERPRISE, e) Plaintiff was subject to the commands and control of Defendant UNITED OCEAN SERVICES, INC. via its employees, agents and servants.

45.     Defendant US UNITED OCEAN SERVICES LLC. is, and at all relevant times was, a business with its principal place of business and business headquarters at 2200 Eller Drive, Fort Lauderdale, Florida 33316.   At all times material, Defendant US UNITED OCEAN

Complaint for Damages and Jury Trial Demand

SERVICES LLC. personally or through an agent a) operated, conducted, engaged in and/or carrier on a business venture in the State of Florida, and b) engaged in substantial business activity in the State of Florida.

46.     At all times relevant and material, Defendant US UNITED OCEAN SERVICES LLC. owned, operated, managed, maintained and/or controlled the vessel M/V TEXAS ENTERPRISE.

47.     At all times relevant and material, Plaintiff KEVIN CHANAULT was an employee of Defendant US UNITED OCEAN SERVICES LLC. aboard the vessel M/V TEXAS ENTERPRISE.

48.     In the alternative, at all times relevant and material, Plaintiff KEVIN CHANAULT was a borrowed servant of Defendant US UNITED OCEAN SERVICES LLC. pursuant to *Standard Oil v. Anderson*, 212 U.S. 215 (1909) and its progeny. At all times material, a) Plaintiff was performing work for Defendant US UNITED OCEAN SERVICES LLC. aboard the vessel M/V TEXAS ENTERPRISE, b) Defendant US UNITED OCEAN SERVICES LLC. had control over the work Plaintiff was performing aboard the vessel M/V TEXAS ENTERPRISE, c) Plaintiff agreed to work for Defendant US UNITED OCEAN SERVICES LLC. aboard the vessel M/V TEXAS ENTERPRISE, d) Defendant US UNITED OCEAN SERVICES LLC. furnished the work tools of Plaintiff, including the vessel M/V TEXAS ENTERPRISE, e) Plaintiff was subject to the commands and control of Defendant US UNITED OCEAN SERVICES LLC. via its employees, agents and servants.

49.     Plaintiff does not know the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes that each of the Doe Defendants were in some manner legally responsible for the damages alleged below.  Plaintiff will amend this Complaint to set forth the true names and capacities of these Defendants when ascertained, along with appropriate charging allegations.

Complaint for Damages and Jury Trial Demand

50.     Plaintiff is informed and believes, and thereupon alleges, that each of Defendants designated herein as a Doe is responsible in some actionable manner for the events and happenings referred to herein, and caused injuries to Plaintiff, as hereinafter alleged, either through said Defendants' conduct, or through the conduct of their agents, servants, employees.  The term "Defendant" or "Defendants" as used in this Complaint includes both the named Defendants and Defendants sued under the fictitious names of Does 1 through 10, inclusive.

51.     At all times material, Defendants Does 6 through 10, owned, operated, managed, maintained and controlled the U.S. flag container vessel M/V TEXAS ENTERPRISE.

52.     At all times material, Plaintiff KEVIN CHANAULT was an employee of Defendants Does 1 through 4 aboard the U.S. flag container vessel M/V TEXAS ENTERPRISE.

53.     In the alternative, at all times relevant and material, Plaintiff KEVIN CHANAULT was a borrowed servant of Defendants Does 1 through 10 pursuant to *Standard Oil v. Anderson*, 212 U.S. 215 (1909) and its progeny. At all times material, a) Plaintiff was performing work for Defendants Does 1 through 10 aboard the vessel M/V TEXAS ENTERPRISE, b) Defendants Does 1 through 10 had control over the work Plaintiff was performing aboard the vessel M/V TEXAS ENTERPRISE, c) Plaintiff agreed to work for Defendant Does 1 through 10 aboard the vessel M/V TEXAS ENTERPRISE, d) Defendants Does 1 through 10  furnished the work tools of Plaintiff, including the vessel M/V TEXAS ENTERPRISE, e) Plaintiff was subject to the commands and control of Defendants Does 1 through 10 via its employees, agents and servants.

## VENUE

54.     Venue is appropriate in this district pursuant to 28 U.S.C. § 1391.

55.     Defendants' base of operations and corporate headquarters are in this district.

## GENERAL ALLEGATIONS

56.     This matter is governed by the General Maritime Law of the United States and the Jones Act, 46 U.S.C. §30104, and - to the extent it does not conflict or interfere with the uniformity of federal maritime law - the laws of the State of Florida.

Complaint for Damages and Jury Trial Demand

57.     At all times material, Plaintiff was employed as a seafarer in the service of commercial vessels owned, operated, managed, chartered, supervised, maintained and/or controlled by Defendants, including the M/V TEXAS ENTERPRISE.

58.     At all times material, Plaintiff contributed to the function of vessel, and to the accomplishment of its mission.

59.     On February 17, 2021, Plaintiff was required to paint the hull of the vessel, suspended over a harness. Due the hazardous nature of the activity, and as result of the negligence of Plaintiff's employers and the unseaworthiness of the M/V TEXAS ENTERPRISE, Plaintiff sustained serious injuries to his lower back and right hip. Said injuries were directly and proximately caused by the negligence of Defendants and the unseaworthiness of the M/V TEXAS ENTERPRISE.

**FIRST CAUSE OF ACTION**
*JONES ACT NEGLIGENCE*
**AGAINST DEFENDANTS**
**SEABULK VESSEL MANAGEMENT, SEABULK LOGISTICS SERVICES, LLC,
SEABULK MARINE SERVICES, INC., SEABULK TANKERS, INC., SEABULK
OPERATORS, INC., SEABULK TRANSMARINE II, INC., SEABULK
OFFSHORE OPERATORS, INC., SEACOR CONTAINER LINES, LLC,
SEACOR HOLDINGS, INC.,  UNITED OCEAN SERVICES, INC., US UNITED
OCEAN SERVICES LLC. and DOES 1 – 4, IN THEIR CAPACITY AS
EMPLOYERS OF PLAINTIFF**

60.     Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs 1- 59 as though alleged originally herein.

61.     This is a seaman's personal injury action arising under 46 U.S.C. § 30104 et seq. (commonly known as the "Jones Act"), providing that a "seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may bring a civil action at law, with the right of trial by jury against the employer."

62.     At all times relevant and material, Plaintiff was employed as a seaman and as a member of the crew on the vessel, which was in navigable waters.

63.     Terms such as "seaman" and "vessel" have a wide range of meaning; as such, only a jury or trier of facts can determine their application. (*Estate of Wenzel v. Seaward Marine*

Complaint for Damages and Jury Trial Demand

*Services, Inc.*, 709 F.2d 1326, 1327 (9th Cir.1983).) Where there is evidence supporting seaman status, the determination of whether an injured employee is a seaman covered by the Jones Act is a question of fact for the jury. (*McDermott Inc. v. Wilander*, 498 U.S. 337, 350 (1991).)

64.     At all times relevant and material, Plaintiff was an employee and/or borrowed servant of Defendants SEABULK VESSEL MANAGEMENT, SEABULK LOGISTICS SERVICES, LLC, SEABULK MARINE SERVICES, INC., SEABULK TANKERS, INC., SEABULK OPERATORS, INC., SEABULK TRANSMARINE II, INC., SEABULK OFFSHORE OPERATORS, INC., SEACOR CONTAINER LINES, LLC, SEACOR HOLDINGS, INC.,  UNITED OCEAN SERVICES, INC., US UNITED OCEAN SERVICES LLC. and DOES 1 – 4 (hereinafter for purposes of the First Cause of Action collectively referred to as "JONES ACT DEFENDANTS").

65.     In his capacity as a seaman, Plaintiff's duties contributed to the function of a vessel in navigation and the accomplishment of its mission. These contributions were substantial both in duration and nature.

66.     Pursuant to the Jones Act, the JONES ACT DEFENDANTS, had a non-delegable duty to provide Plaintiff a safe work environment, free of hazards.

67.     At all times material, the JONES ACT DEFENDANTS owed Plaintiff a duty to exercise reasonable and ordinary care to keep and maintain the premises in which Plaintiff lived and worked (i.e. the M/V TEXAS ENTERPRISE) in a safe condition.

68.     Plaintiff's resulting injuries are due to the direct fault and direct negligence of the JONES ACT DEFENDANTS, their agents, servants, and/or employees. These JONES ACT DEFENDANTS, their agents, apparent agents, servants, and/or employees, breached their duty of care, in the following manner:

> a.   Failing to use reasonable care to provide Plaintiff a reasonably safe place to work on the vessel;

Complaint for Damages and Jury Trial Demand

b.  Failing to promulgate and enforce reasonable rules and regulations designed to ensure the reasonable safety and health of Plaintiff, while engaged in the course of his employment on the vessel;

c.  Failure to use reasonable care to provide and maintain proper and adequate crew and equipment in the area of the vessel wherein the Plaintiff was assigned to work;

d.  Operating, managing, chartering, hiring and/or supervising an unseaworthy and ultra-hazardous vessel;

e.  Failing to install proper and reasonable safeguards to prevent crewmembers from being injured;

f.  Failing to provide Plaintiff with proper and adequate work hours and rest periods;

g.  Requiring Plaintiff to work for extended shifts, without proper and adequate rest hours;

h.  Failing to maintain the vessel in a reasonably safe condition;

i.  Failing to inspect the vessel;

j.  Creating dangerous conditions and/or failing to remedy dangerous conditions which were known by the Defendants and which in the exercise of reasonable care should have been known by the Defendants;

k.  Failing to adopt and implement proper and adequate policies, protocols and procedures for inspection and maintenance of the vessels;

l.  Failing to take feasible and reasonable steps to eliminate the dangerous conditions which were known by the Defendants and which, in the exercise of reasonable care, should have been known by the Defendants;

m. Failing to provide Plaintiff and other crew members who were associated with Plaintiff or Plaintiff's incidents giving rise to this action, reasonable work and rest hours of employment so as to not overwork them to the point of not being

15

Complaint for Damages and Jury Trial Demand

        physically fit to carry out their duties and cause them to overwork to the point of fatigue;

n.    Plaintiff's worksite lacked the site safety precautions available to comparable workers in comparable land-based jobs;

o.    Failing to follow sound management practices with the goal of providing Plaintiff a reasonably safe place to work;

p.    Prior to Plaintiff's incidents, Defendants failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate those hazards, minimize those hazards or to adequately warn the Plaintiff of the danger those hazards posed to him and give him the ability to avoid them.

69.    The negligence of the JONES ACT DEFENDANTS as described in the foregoing paragraph caused Plaintiff to suffer severe and permanent injuries.

70.    At all times material hereto, the JONES ACT DEFENDANTS negligently failed to determine the hazards on the vessel to Plaintiff, failed to eliminate the hazard, failed to modify the hazard and failed to properly warn the Plaintiff of the hazard. In addition, the JONES ACT DEFENDANTS violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual and/or to follow it on board the vessel on which the Plaintiff served. All of the above caused the Plaintiff to be injured.

71.    The JONES ACT DEFENDANTS knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise of reasonable care should have learned of them and corrected them.

72.    As a result of the negligence of the JONES ACT DEFENDANTS, the Plaintiff was injured suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused

Complaint for Damages and Jury Trial Demand

by disability, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to free food, free shelter, free medical care, free uniforms, and vacation.

**SECOND CAUSE OF ACTION**
*UNSEAWORTHINESS*
**AGAINST DEFENDANTS**
**SEABULK VESSEL MANAGEMENT, SEABULK LOGISTICS SERVICES, LLC, SEABULK MARINE SERVICES, INC., SEABULK TANKERS, INC., SEABULK OPERATORS, INC., SEABULK TRANSMARINE II, INC., SEABULK OFFSHORE OPERATORS, INC., SEACOR CONTAINER, LINES, LLC, SEACOR HOLDINGS, INC.,  UNITED OCEAN SERVICES, INC., US UNITED OCEAN SERVICES LLC. and DOES 6 – 10, AS OWNERS AND OPERATORS OF THE M/V TEXAS ENTERPRISE PURSUANT TO THE GENERAL MARITIME LAW AND *SEAS SHIPPING CO. V. SIERACKI*, 328 U.S. 85 (1946).**

73.    Plaintiff re-alleges, adopt, and incorporates by reference the allegations in paragraphs 1- 59 as though alleged originally herein.

74.    At all times material, Defendants SEABULK VESSEL MANAGEMENT, SEABULK LOGISTICS SERVICES, LLC, SEABULK MARINE SERVICES, INC., SEABULK TANKERS, INC., SEABULK OPERATORS, INC., SEABULK TRANSMARINE II, INC., SEABULK OFFSHORE OPERATORS, INC., SEACOR CONTAINER LINES, LLC, SEACOR HOLDINGS, INC.,  UNITED OCEAN SERVICES, INC., US UNITED OCEAN SERVICES LLC. and DOES 6 – 10 (hereinafter for purposes of the Second Cause of Action collectively referred to as the "SHIPOWNER DEFENDANTS") owned, operated, managed, maintained and/or controlled the U.S. flag container vessel M/V TEXAS ENTERPRISE.

75.    The doctrine of unseaworthiness is a feature of the General Maritime Law of the United States, imposing upon the vessel owner and operator the absolute and nondelegable duty

Complaint for Damages and Jury Trial Demand

to provide its seamen with a vessel that is reasonably fit for its intended purpose. The warranty of seaworthiness extends to all parts of the vessel and to all facets of its operation, imposing upon the vessel operator a nondelegable duty to provide a competent captain and crew. This obligation is absolute, irrespective of fault.

76.     At all relevant times, the SHIPOWNER DEFENDANTS had full possession and control of the M/V TEXAS ENTERPRISE, including full control over the vessel's captain and crew.

77.     Pursuant to the General Maritime Law of the United States, the SHIPOWNER DEFENDANTS owed an absolute and nondelegable duty to provide a seaworthy vessel.

78.     THE SHIPOWNER DEFENDANTS owed Plaintiff an absolute and nondelegable duty to provide a seaworthy vessel because he was a seaman. In his capacity as a seaman on the vessel, Plaintiff's duties contributed to the function of a vessel in navigation and the accomplishment of its mission. These contributions were substantial both in duration and nature.

79.     Alternatively, the SHIPOWNER DEFENDANTS owed Plaintiff an absolute and nondelegable duty to provide a seaworthy vessel because he was a Sieracki Seaman, as defined in *Seas Shipping Co. v. Sieracki*, 328 U.S. 85 (1946).

80.     Plaintiff's resulting injuries are due to the SHIPOWNER DEFENDANTS' breach of their absolute and nondelegable duty to provide a seaworthy vessel, including a nondelegable duty to provide adequate crew.

81.     Additionally, the SHIPOWNER DEFENDANTS, their employees, agents, apparent agents, and/or servants breached their absolute and nondelegable duty by:

      a.   Failing to provide Plaintiff a reasonably safe place to work on the vessel;

      b.   Failing to promulgate and enforce reasonable rules and regulations designed to ensure the reasonable safety and health of Plaintiff, while engaged in the course of his employment on the vessel;

Complaint for Damages and Jury Trial Demand

c. Failing to provide and maintain proper and adequate crew and equipment in the area of the vessel wherein the Plaintiff was assigned to work;

d. Operating, managing, chartering, hiring and/or supervising an unseaworthy and ultra-hazardous vessel;

e. Failing to install proper and reasonable safeguards to prevent crewmembers from being injured;

f. Failing to provide Plaintiff with proper and adequate work hours and rest periods;

g. Requiring Plaintiff to work for extended shifts, without proper and adequate rest hours;

h. Failing to maintain the vessel in a reasonably safe condition;

i. Failing to inspect the vessel;

j. Creating dangerous conditions and/or failing to remedy dangerous conditions which were known by the Defendants and which in the exercise of reasonable care should have been known by the Defendants;

k. Failing to adopt and implement proper and adequate policies, protocols and procedures for inspection and maintenance of the vessels;

l. Failing to take feasible and reasonable steps to eliminate the dangerous conditions which were known by the Defendants and which, in the exercise of reasonable care, should have been known by the Defendants;

m. Failing to provide Plaintiff and other crew members who were associated with Plaintiff or Plaintiff's incidents giving rise to this action, reasonable work and rest hours of employment so as to not overwork them to the point of not being physically fit to carry out their duties and cause them to overwork to the point of fatigue;

n. Plaintiff's worksite lacked the site safety precautions available to comparable workers in comparable land-based jobs;

Complaint for Damages and Jury Trial Demand

o.  Failing to follow sound management practices with the goal of providing Plaintiff a reasonably safe place to work;

p.  Prior to Plaintiff's incidents, Defendants failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate those hazards, minimize those hazards or to adequately warn the Plaintiff of the danger those hazards posed to him and give him the ability to avoid them

82.  All of the above caused Plaintiff to suffer severe and permanent harm.

83.  As a result of the unseaworthiness of the vessel, the Plaintiff was injured suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to free food, free shelter, free medical care, free uniforms, and vacation.

**THIRD CAUSE OF ACTION**
**MAINTENANCE & CURE**
**AGAINST DEFENDANTS**
**SEABULK VESSEL MANAGEMENT, SEABULK LOGISTICS SERVICES, LLC, SEABULK MARINE SERVICES, INC., SEABULK TANKERS, INC., SEABULK OPERATORS, INC., SEABULK TRANSMARINE II, INC., SEABULK OFFSHORE OPERATORS, INC., SEACOR CONTAINER, LINES, LLC, SEACOR HOLDINGS, INC.,  UNITED OCEAN SERVICES, INC., US UNITED OCEAN SERVICES LLC. and DOES 1 – 4, IN THEIR CAPACITY AS EMPLOYERS OF PLAINTIFF**

84.  Plaintiff re-alleges, adopt, and incorporates by reference the allegations in paragraphs 1- 59 as though alleged originally herein.

Complaint for Damages and Jury Trial Demand

85.     At all times relevant and material, Plaintiff was employed as a seaman and as a member of the crew on the vessel, which was in navigable waters.

86.     Terms such as "seaman" and "vessel" have a wide range of meaning; as such, only a jury or trier of facts can determine their application. (*Estate of Wenzel v. Seaward Marine Services, Inc*., 709 F.2d 1326, 1327 (9th Cir.1983).) Where there is evidence supporting seaman status, the determination of whether an injured employee is a seaman covered by the Jones Act is a question of fact for the jury. (*McDermott Inc. v. Wilander*, 498 U.S. 337, 350 (1991).

87.     At all times relevant and material, Plaintiff was an employee and/or borrowed servant of Defendants SEABULK VESSEL MANAGEMENT, SEABULK LOGISTICS SERVICES, LLC, SEABULK MARINE SERVICES, INC., SEABULK TANKERS, INC., SEABULK OPERATORS, INC., SEABULK TRANSMARINE II, INC., SEABULK OFFSHORE OPERATORS, INC., SEACOR CONTAINER LINES, LLC, SEACOR HOLDINGS, INC.,  UNITED OCEAN SERVICES, INC., US UNITED OCEAN SERVICES LLC. and DOES 1 – 4 (hereinafter for purposes of the Third Cause of Action collectively referred to as "EMPLOYER DEFENDANTS").

88.     In his capacity as a seaman, Plaintiff's duties contributed to the function of a vessel in navigation and the accomplishment of its mission. These contributions were substantial both in duration and nature.

89.     Under the General Maritime Law, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendants, until Plaintiff is declared to have reached maximum possible cure, also referred to as maximum medical improvement ("MMI"). This includes unearned wages (regular wages, overtime, vacation pay and tips), which were reasonably anticipated to the end of the contract or voyage, whichever is longer.

90.     Defendants willfully and callously delayed, failed and/or refused to pay Plaintiff's maintenance and refused to provide the Plaintiff the level of cure that the Plaintiff needs so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

Complaint for Damages and Jury Trial Demand

91.     An MMI declaration must be unequivocal and if not any doubts or controversy regarding whether or not the seaman is at MMI must be resolved in favor of the seaman.

92.     Defendants failure to pay Plaintiff's maintenance and cure is willful, arbitrary, capricious, in violation of the law, and in callous disregard for Plaintiff's right as a seaman. As such, Plaintiff is entitled to attorney's fees and punitive damages under the General Maritime Law of the United States. Further, Defendants unreasonably failed to pay or provide Plaintiff with maintenance and cure which aggravated his condition and caused Plaintiff to suffer additional compensatory damages including but not limited to the aggravation of Plaintiff's physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity as well as lost earnings or earning capacity, and medical and hospital expenses in the past and into the future.

WHEREFORE, Plaintiff prays for Judgment against Defendants, and each of them, as follows:

1.     For general damages in an amount to be ascertained;

2.     For loss of earnings and earning capacity, according to proof, plus interest thereon at the legal rate;

3.     For medical and incidental expenses, according to proof;

4.     For maintenance and cure;

5.     For costs of suit incurred herein;

6.     Attorneys fees;

7.     Punitive damages

8.     For pre-Judgment interest, according to proof; and,

9.     For such other and further relief as the Court deems just and proper.

Complaint for Damages and Jury Trial Demand

Date: February 16, 2024,

                          NELSON & FRAENKEL, LLP

                          By: */s/Carlos F. Llinás Negret*
                          Carlos F. Llinás Negret
                          FLA BAR NO. 73545
                          Attorneys for Plaintiff

## JURY TRIAL DEMAND

Plaintiff hereby requests and demands a trial by jury on all claims so triable.

Date: February 16, 2024,

                          NELSON & FRAENKEL, LLP

                          By*: /s/Carlos F. Llinás Negret*
                          Carlos F. Llinás Negret
                          FLA BAR NO. 73545
                          Attorneys for Plaintiff

Complaint for Damages and Jury Trial Demand